**In the Interest of T.D., JR., a minor,**

**Appeal of T.D., Jr., a minor, Appellant.**

Superior Court of Pennsylvania.

Submitted Oct. 15, 2012.

Filed Dec. 3, 2012.

Anthony J. Tambourino, York, for appellant.

Duane Ramseur, Assistant District Attorney, York, for Commonwealth, appellee.

BEFORE: BOWES, SHOGAN, and PLATT,* JJ.

OPINION BY BOWES, J.:

T.D., Jr., a minor, appeals from the April 16, 2012 dispositional order entered following adjudication of his delinquency. After careful review, we vacate the order and remand for entry of a new dispositional order.

T.D. was charged at lower court docket No. 91 JV 2012 with burglary, criminal conspiracy to commit burglary, theft, and receiving stolen property, arising from the after-hours theft of video games from the Martin Library. Identical charges were filed at lower court docket No. 92 JV 2012, and involved the unauthorized entry into a private home and the theft of a cell phone, camera, tablet computer, Wii game system, nightstick, controllers, liquor and food. After considering the testimony of Brian Grimm, the director of operations at the library, Teresa Williams and her son, Zhaine Palmer, York City Police Detective Anthony Fetrow's account of his investigation and T.D.'s admissions to acts constituting theft and receiving stolen property filed at lower docket No. 188 JV 2012, the court concluded that T.D. committed the delineated delinquent acts and that he was "in need of treatment, supervision, or rehabilitation." See Pa.R.J.C.P. 408(C) and 409(A). The court proceeded to the disposition hearing.

Juvenile probation supplied a report to the court indicating that T.D.'s mother had housing and substance abuse issues but recommended that T.D. remain in her custody. Additionally, probation asked the court to continue GPS monitoring, require T.D. to complete the Weekend Daikon Alternative Program ("WAP"), attend an after-school program at Pressley Ridge and the Quantum Opportunities through the YMCA, and order a psychiatric evaluation.

T.D.'s mother advised the juvenile court that she had an abusive marriage and had allowed T.D.'s father to raise him, but, within the prior year, T.D.'s father simply left T.D. at mother's house. She acknowledged that she had a history of substance abuse and several prior incarcerations. However, she allegedly had been substance free for one year and was undergoing counseling at Edgar Square, and she asked the court for a chance to parent T.D.

The court placed T.D. on formal supervision. He was directed to complete ten weekends at the WAP Program, remain on GPS monitoring for at least thirty additional days, participate in the Quantum Opportunity Program every day after school, not commit any new delinquent acts, abstain from all drug and alcohol use, and abide by a curfew. Mother was ordered to undergo a 23 Pa.C.S. § 5329 alcohol and drug evaluation or provide a re-

---

* Retired Senior Judge assigned to the Superior Court.

port to the court within thirty days from an existing provider indicating that she did not pose a threat of harm and what level of treatment or services she should be receiving. *Id.* at 61. T.D. objected to the evaluation and the juvenile court overruled the objection.[1] *Id.* at 64.

Appellant appealed and complied with the court's order that he file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. The court authored its Rule 1925(a) opinion, and the matter is ripe for our review. T.D. raises one issue for our consideration:

> Whether the trial court abused its discretion in applying provisions of 23 Pa. C.S. § 5329 to a juvenile's parent when issuing a juvenile dispositional order pursuant to 42 Pa.C.S. § 6352?

Appellant's brief at 4 (footnote omitted).

The crux of T.D.'s argument on appeal is that the trial court abused its discretion in applying the Custody Act as the basis for ordering his mother to submit to a substance abuse evaluation. T.D. contends that the Juvenile Act exclusively governs this delinquency proceeding. He asks us to vacate the trial court's order and remand the case for a new dispositional hearing.

The trial court ordered T.D.'s mother, pursuant to 23 Pa.C.S. § 5329, to either undergo a drug and alcohol evaluation or submit a report from her treating provider. Section 5329 applies to custody proceedings where a party seeking custody has been convicted of certain enumerated offenses and permits the court to order an evaluation as to whether that party poses a threat of harm to the child before making any order of custody to that parent. According to T.D.'s juvenile probation officer,

mother had been convicted of one of the offenses enumerated in 23 Pa.C.S. § 5329. Juvenile Court Opinion, 5/11/12, at 4. T.D. contends, however, that § 5329 and the Custody Act generally had no application in this delinquency and disposition proceeding.

■ T.D. presents an issue of statutory interpretation and application, which is a question of law. "As with all questions of law, the appellate standard of review is *de novo* and the scope of review is plenary." *Commonwealth v. Solomon,* 25 A.3d 380, 387 (Pa.Super.2011). Title 23 Pa.C.S. § 5321 *et seq.,* applies to "disputes relating to child custody matters." No custody action was filed herein and there is no authorization for consolidating such an action with a delinquency adjudication.

The statutory provision relied upon by the juvenile court, 23 Pa.C.S. § 5329 of the Custody Act, provides in pertinent part:

> (c) Initial evaluation.—At the initial in-person contact with the court, the judge, conference officer or other appointed individual shall perform an initial evaluation to determine whether the party or household member who committed an offense under subsection (a) poses a threat to the child and whether counseling is necessary. The initial evaluation shall not be conducted by a mental health professional. After the initial evaluation, the court may order further evaluation or counseling by a mental health professional if the court determines it is necessary.
>
> (d) Counseling.
>
> (1) Where the court determines under subsection (c) that counseling is neces-

---

1. We conclude that T.D. has standing to challenge the disposition order directing his mother to undergo alcohol and drug testing or provide a report from her present treatment facility as his mother's lack of compliance could be the basis for a more restrictive dispositional order.

sary, it shall appoint a qualified professional specializing in treatment relating to the particular offense to provide counseling to the offending individual.

(2) Counseling may include a program of treatment or individual therapy designed to rehabilitate the offending individual which addresses, but is not limited to, issues regarding physical and sexual abuse, the psychology of the offender and the effects of the offense on the victim.

(e) Subsequent evaluation.

(1) At any time during or subsequent to the counseling under subsection (d), the court may require another evaluation to determine whether further counseling is necessary.

(2) If the court awards custody to a party who committed an offense under subsection (a) or who shares a household with an individual who committed an offense under subsection (a), the court may require subsequent evaluations on the rehabilitation of the offending individual and the well-being of the child subsequent to the order. If, upon review of a subsequent evaluation, the court determines that the offending individual poses a threat of physical, emotional or psychological harm to the child, the court may schedule a hearing to modify the custody order.

23 Pa.C.S. § 5329.

The juvenile court maintained that the mandates of § 5329 of the Custody Act are applicable to delinquent and dependent youth. Juvenile Court Opinion, 5/11/12, at 5. The court reasoned that the same safeguards applicable to children placed in the custody of a parent who has been convicted of an enumerated offense should apply to children who are being returned to a parent with such offenses rather than being placed in a treatment facility. *Id.* Alternatively, the court argued that if such

an evaluation is not required, it should be within the court's discretion to order it, citing 42 Pa.C.S. § 6352(a)(1) and § 6351(f.2), which require the juvenile court to consider a parent's drug and alcohol history in making its disposition. *Id.* at 6.

■ We agree with T.D. that this was not a custody proceeding and that 23 Pa. C.S. § 5329 does not provide statutory authority for the court's order. However, the Commonwealth contends, and we agree, that the juvenile court had authority pursuant to 42 Pa.C.S § 6352(a)(1) of the Juvenile Act to order the evaluation. Section 6352 provides, in pertinent part:

(a) General rule.—If the child is found to be a delinquent child the court may make any of the following orders of disposition determined to be consistent with the protection of the public interest and best suited to the child's treatment, supervision, rehabilitation, and welfare, which disposition shall, as appropriate to the individual circumstances of the child's case, provide balanced attention to the protection of the community, the imposition of accountability for offenses committed and the development of competencies to enable the child to become a responsible and productive member of the community:

(1) Any order authorized by section 6351 (relating to disposition of dependent child).

42 Pa.C.S. § 6352(a)(1). Section 6351 provides:

(a) General rule.—If the child is found to be a dependent child the court may make any of the following orders of disposition best suited to the safety, protection and physical, mental, and moral welfare of the child:

(1) Permit the child to remain with his parents, guardian, or other

custodian, subject to conditions and limitations as the court prescribes, including supervision as directed by the court for the protection of the child.

42 Pa.C.S. § 6351(a)(1). Pa.R.J.C.P. 1515(C) states that when a court is entering a dependency disposition order, it "shall include any conditions, limitations, restrictions, and obligations imposed upon the guardian."

We find that directing a parent to undergo a drug and alcohol evaluation to provide further information that will assist the court in its disposition for the juvenile is within the court's discretion under the Juvenile Act. This Court reiterated in *In the Interest of D.S.,* 37 A.3d 1202, 1203 (Pa.Super.2011), that "[t]he Juvenile Act grants broad discretion to the court in disposition[,]" and we will not disturb it absent a manifest abuse of discretion. *Id.*

> The purpose of the Juvenile Act is as follows: Consistent with the protection of the public interest, to provide for children committing delinquent acts programs of supervision, care and rehabilitation which provide balanced attention to the protection of the community, the imposition of accountability for offenses committed and the development of competencies to enable children to become responsible and productive members of the community.
>
> 42 Pa.C.S.A. § 6301(b)(2). "This section evidences the Legislature's clear intent to protect the community while rehabilitating and reforming juvenile delinquents." *In the Interest of J.C.,* 751 A.2d at 1181. *In re L.A.,* 2004 PA Super 237, 853 A.2d 388, 394 (Pa.Super.2004).

*Id.* at 1203.

The juvenile court, after adjudicating T.D. delinquent, was charged with ordering a disposition that was best suited to his safety and welfare. Mother wanted to parent T.D., and, to effectuate her desire, the juvenile court was authorized to impose conditions on her. Given mother's criminal history and recent addiction problems, as well as T.D.'s commission of multiple delinquent acts that would constitute felonies, the juvenile court was justifiably concerned that his mother receive the treatment or services necessary to assist her in properly parenting T.D. The order that mother undergo a § 5329–like evaluation or submit a report from her treatment counselor was suited to T.D.'s safety, protection and welfare and within the juvenile court's power and discretion under 42 Pa. C.S. § 6352(a)(1).

T.D. argues, however, that even if there was a sufficient basis to order mother's evaluation, it was not properly before the court because she was not given notice, an opportunity to obtain counsel, or present evidence. He contends that his mother had a right to court-appointed counsel under the Juvenile Act, specifically, 42 Pa. C.S. § 6337. T.D. maintains that a new dispositional hearing is required to afford his mother these procedural safeguards.

■ T.D.'s argument is without merit as Section 6337 authorizes the appointment of counsel for **parties** in a proceeding under the Act. T.D.'s mother is not a party in this delinquency proceeding; T.D. is the party, and he received appointed counsel. Nor is T.D.'s mother entitled to introduce evidence, cross-examine witnesses, and otherwise be heard on her own behalf, again because she is not a party. *See* 42 Pa.C.S. § 6338. T.D. misses this important distinction in equating the rights of parents in delinquency proceedings with those of parent parties in dependency proceedings. *See In re J.F.,* 27 A.3d 1017, 1021 (Pa.Super.2011).

Contrary to T.D.'s position, *In the Matter of T.R.*, 557 Pa. 99, 731 A.2d 1276 (1999) (plurality), does not aid in our review. The issue therein was the ordering of a psychiatric evaluation of a parent and disclosure of those records to other parties in a dependency proceeding. Our Supreme Court ruled that, "the right to protect one's beliefs and thoughts from intrusion" was "one of the most comprehensive rights known to civilized men." *Id.* at 1280. The Court held that no governmental interest, not even the interest in obtaining sufficient information about the parents and children to make intelligent placement decisions, outweighed the mother's assertion of her right of privacy in mental health records and concluded that less intrusive means to accomplish that purpose were available. *See also In re "B"*, 482 Pa. 471, 394 A.2d 419 (1978).

At issue herein is the court's direction that mother undergo a drug and alcohol evaluation or submit a report from facility providing support services for her. This does not rise to the same level of intrusion into mother's privacy as the psychiatric examination in *T.R.* or *In re "B", supra. See Luminella v. Marcocci*, 814 A.2d 711, 723 (Pa.Super.2002) (recognizing that custody court order that mother submit to drug testing did not involve intrusion into mother's "innermost thoughts and feelings" and involved minimal expectation of privacy). Moreover, if mother refuses to undergo evaluation or permit her provider to issue the report, the juvenile court can certainly consider that in determining T.D.'s placement. The purpose of a disposition hearing after an adjudication of delinquency is not to restrict the freedoms of the parent but to make a "disposition determined to be consistent with the protection of the public interest and best suited to the child's treatment, supervision, rehabilitation and welfare." 42 Pa.C.S. § 6352(a). Furthermore, mother's evalua-tion was ordered because she, not the court, wanted T.D. placed in her care.

Having concluded that T.D.'s mother was not denied any procedural rights at T.D.'s disposition hearing, we find no need for a new hearing. However, since the order in question is facially infirm as it provides that T.D.'s mother "shall undergo a Section 5329 evaluation," an evaluation authorized by the Custody Act, not the Juvenile Act, we vacate the order and remand for the entry of a new dispositional order entered in accordance with the parameters of the Juvenile Act.

Dispositional order vacated. Case remanded for entry of new dispositional order. Jurisdiction relinquished.