J-A19009-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| IN THE INTEREST OF: K.T., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| APPEAL OF: K.T. | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 824 WDA 2024 |

Appeal from the Dispositional Order Entered June 4, 2024
In the Court of Common Pleas of Allegheny County Juvenile Division at
No: CP-02-JV-0000320-2024

BEFORE:  BOWES, J., STABILE, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.:　　　　　**FILED:  November 18, 2025**

K.T. appeals from the June 4, 2024 dispositional order entered in the Court of Common Pleas of Allegheny County, Juvenile Division, following her adjudication of delinquency for aggravated assault (18 Pa.C.S. § 2702(a)(2)).[1] K.T. solely challenges the sufficiency of the evidence supporting her delinquency adjudication.  We vacate the adjudication, vacate the dispositional order, and remand with instructions.

_____

[1] K.T. was a minor in March 2024, when she committed the acts that led to her delinquency charges.  Although she turned eighteen in November 2024, the juvenile court retained jurisdiction over her.  *See* Pa.R.J.C.P. 630, *Comment* ("The Juvenile Court has jurisdiction of a delinquent child if the child is under twenty-one years and committed an act of delinquency prior to reaching the age of eighteen.") (citations omitted); *see also* 42 Pa.C.S. § 6302 (defining "Delinquent Child" as "[a] child ten years of age or older whom the court has found to have committed a delinquent act and is in need of treatment, supervision or rehabilitation").

K.T.'s adjudication arose from an incident that took place on March 13, 2024, at McKeesport High School, where K.T. attended school in the eleventh grade. On the day of the incident, Dana Brown, a school administrator, received a report that K.T. was skipping class. Trial Court Opinion ("TCO"), 10/9/24, at 3. Mr. Brown encountered K.T. as she was roaming the halls and followed her for "a lap or two around the school[.]" *Id.* After several failed attempts to redirect K.T., Mr. Brown called Officer Ralph Johnson for assistance. *Id.* at 3-4.[2]

Officer Johnson recounted that he "met up with the school administrator and observed efforts at encouraging [K.T.] to either get to class or go to the principal's office." *Id.* at 4; *see also id.* (noting that members of the school's emotional support team were also present). Officer Johnson testified that

> he told [K.T.], "listen here, we're not going to continue to walk this hall. Either you are going to go to class or you're going to the principal's office." [K.T.] responded to the officer that he better not touch her. Officer Johnson … replied, "I am not going to touch you. I am telling you to go to the principal's office or go to class because if not, you will be arrested." According to Officer Johnson, [K.T.] responded, "you better not touch me. [I]f you touch me, I am going to punch you in the eye."
>
> Officer Johnson stated that they "continued on the third loop in the hallway and he indicated to [K.T.] that 'enough is enough.'" Officer Johnson stated that this entire interaction, of walking the halls and attempting to convince [K.T.] to go to class or to the principal's office, took place over the course of five to ten minutes. As they entered the quiet science wing of the high school, [K.T.] stared [*sic*] cussing profanities, screaming, and yelling, per Officer Johnson. Officer Johnson testified that he attempted to place

---

[2] Officer Johnson had been employed by the McKeesport Area School District as a school resource officer since December 2023. TCO at 4.

[K.T.] under arrest[,] at which point she "turned around and … punched me in the eye, and then she was physically placed under arrest."

*Id.* at 4-5 (citations to record omitted). Officer Johnson stated that he was "struck with a closed fist punch to his eye[,] but this did not require him to go to the hospital." *Id.* at 5-6; *see also id.* at 5 (indicating that Mr. Brown did not witness the punch, but saw the injury); *id.* at 6 ("Mr. Brown testified that Officer Johnson's eye was red.").

K.T. was charged with one count each of aggravated assault – attempts to cause or causes serious bodily injury to designated individuals (18 Pa.C.S. § 2702(a)(2)); harassment – subjects other to physical contact (18 Pa.C.S. § 2709(a)(1)); and disorderly conduct – engages in fighting (18 Pa.C.S. § 5503(a)(1)). Petition Alleging Delinquency, 3/15/24, at 2-3. After a delinquency adjudication/disposition hearing on May 14, 2024, the trial court adjudicated K.T. delinquent of aggravated assault and dismissed the other two charges. TCO at 1; Adjudicatory/Dispositional Hearing Order, 5/14/24, at Exhibit A. The disposition hearing was continued to June 4, 2024, at which time the court placed K.T. on probation with conditions. TCO at 1-2; Dispositional Hearing Order, 6/4/24, at 1-2. No post-dispositional motions were filed. *See* TCO at 2; Commonwealth's Brief at 3.

On July 3, 2024, K.T. filed a timely notice of appeal,[3] followed by a timely, court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. The trial court filed its Rule 1925(a) opinion on October 9, 2024. Herein, K.T. presents a single issue for our review: "Whether the evidence was insufficient to sustain K.T.'s adjudication of delinquency for [a]ggravated [a]ssault, where the Commonwealth failed to establish, beyond a reasonable doubt, that K.T. attempted to cause[] or caused serious bodily injury?" K.T.'s Brief at 5.

We review K.T.'s claim mindful of the following:

"When a juvenile is charged with an act that would constitute a crime if committed by an adult, the Commonwealth must establish the elements of the crime beyond a reasonable doubt." **In Interest of P.S.**, 158 A.3d [at] 650 … (citation omitted). Our standard of review for a challenge to the sufficiency of the evidence is as follows:

We must review the entire record and view the evidence in the light most favorable to the Commonwealth. In determining whether the Commonwealth presented sufficient evidence to meet its burden of proof, the test to be applied is whether, viewing the evidence in the light most favorable to the Commonwealth and drawing all reasonable inferences therefrom, there is sufficient evidence to find every element of the crime charged. The Commonwealth may sustain its burden of proving every element of the

_____

[3] "In juvenile proceedings, the final order from which a direct appeal may be taken is the order of disposition, entered after the juvenile is adjudicated delinquent." **In Interest of P.S.**, 158 A.3d 643, 649 (Pa. Super. 2017) (internal brackets and citation omitted). "The order of disposition in a juvenile matter is akin to the judgment of sentence in a criminal matter in that both are final orders subject to appeal." **Id.** (citation omitted).

crime beyond a reasonable doubt by wholly circumstantial evidence.

*Id.* Our scope of review is plenary. *See In re T.D., Jr.*, 57 A.3d 650, 652 (Pa. Super. 2012).

*Interest of N.A.D.*, 205 A.3d 1237, 1239-40 (Pa. Super. 2019) (internal brackets omitted).

Pursuant to Section 2702(a)(2) of the Crimes Code (18 Pa.C.S. §§ 101-9546), a person is guilty of aggravated assault if she "attempts to cause or intentionally, knowingly or recklessly causes serious bodily injury to any of the officers, agents, employees or other persons enumerated in subsection (c) … while in the performance of duty."  18 Pa.C.S. § 2702(a)(2).[4]  'Serious bodily injury' is defined as "[b]odily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ."  18 Pa.C.S. § 2301; *see also id.* (defining 'bodily injury' as "[i]mpairment of physical condition or substantial pain").

K.T. argues that the Commonwealth failed to prove beyond a reasonable doubt that she attempted to cause, or did cause, serious bodily injury to Officer Johnson, as required to establish aggravated assault pursuant to Section 2702(a)(2).  K.T.'s Brief at 12.  While K.T. acknowledges that Officer Johnson falls within the class of persons enumerated in subsection (c), she

---

[4] For the purposes of Section 2702(a), subsection (c) includes a "[p]olice officer" and "[a] teaching staff member … or other employee … of any elementary or secondary publicly funded educational institution, … while acting in the scope of his or her employment or because of his or her employment relationship to the school."  18 Pa.C.S. § 2702(c)(1), (27).

asserts that no serious bodily injury occurred. *Id.* at 14-15. She contends that Officer Johnson merely "had a little swelling under his eye, … received no treatment, and his ability to work was not impeded." *Id.* at 15.

In fact, the Commonwealth concedes that it did not prove serious bodily injury at trial. Commonwealth's Brief at 6. Nevertheless, it maintains that it met its burden in proving a lesser-included offense, aggravated assault under Section 2702(a)(3), which only requires a showing of ordinary bodily injury. *Id.* at 8; *see also* 18 Pa.C.S. § 2702(a)(3) ("A person is guilty of aggravated assault if [s]he … attempts to cause or intentionally or knowingly causes bodily injury to any of the officers, agents, employees or other persons enumerated in subsection (c), in the performance of duty[.]"). In support of its argument, the Commonwealth states:

> At trial in this case, the evidence showed that the officer is a school resource police officer who was acting in the course of his duties as an employee of the McKeesport Area School District at the time of the incident. [N.T., 5/14/24,] at 6. He identified himself as a police officer and was in his uniform when he interacted with [K.T.] *Id.* at 10. The evidence showed that [K.T.] threatened to punch the officer in the face, and then actually did so when it came time to arrest her. *Id.* at 8, 9. Finally, the testimony from both the officer and the administrator established that the officer's eye was red and swollen after [K.T.] punched him. *Id.* at 9, 18, 19.
>
> Given [K.T.'s] statements to the officer threatening to punch him, and given his clear status as a police officer, a reasonable finder of fact could find that [K.T.] intentionally or, at a minimum, knowingly caused bodily injury to be inflicted on a school police officer, satisfying the elements of subsection (a)(3).

*Id.* at 9-10.

Additionally, the Commonwealth acknowledges that K.T. was charged under subsection (a)(2) and that subsection (a)(2) is listed in the adjudicatory order. *Id.* at 7. However, it argues that the trial court's adjudication was based on a finding of ordinary bodily injury under subsection (a)(3) — **not** serious bodily injury under subsection (a)(2). *Id.*; *see also id.* at 7-8 (pointing to comments from the bench that "make it clear that [the] verdict was based on a finding that the elements of 18 Pa.C.S. § 2702(a)(3) were met").[5] The Commonwealth advances that the adjudication under Section 2702(a)(3) was "a legally permissible verdict…, because subsection (a)(3) is a lesser-included offense of subsection (a)(2), and it is well-established that a factfinder may convict a defendant of a lesser-included offense of the offense charged." *Id.* at 4. Thus, it suggests that "the only error here is the listing of the wrong subsection [i]n the adjudicatory order, which is subject to correction on remand." *Id.*

The trial court confirmed in its Rule 1925(a) opinion that it found K.T. committed aggravated assault under Section 2702(a)(3). TCO at 1. However, it acknowledged that the delinquency petition alleged aggravated assault under Section 2702(a)(2), and that the court's order reflects adjudication of that charge. *Id.* at 2. It declared that an adjudication under Section 2702(a)(2) "is clearly not what the court contemplated, and this is reflected in the record." *Id.* For instance, it stated:

---

[5] The comments alluded to by the Commonwealth are discussed further *infra*.

The record demonstrates that upon the conclusion of the fact-finding portion of the delinquency hearing[,] … the court concurred with [K.T.'s] counsel that there was no serious bodily injury but asked how the court could not find that [K.T.] committed the crime as set forth in [subsection] (a)(3), which does not require serious bodily injury.

*Id.*; *see also id.* (noting that the trial court was clearly misapprehending the statute with which K.T. had been charged, but that K.T.'s counsel did not provide any clarification during the hearing, nor did he make any objections on the record).

The trial court opined that "there was a fundamental misunderstanding between what the court was looking at [during the May 14 and June 4, 2024 proceedings] and what was alleged in the delinquency petition." *Id.* at 9. It explained that it misread the petition to have charged K.T. under 18 Pa.C.S. § 2703(a)(3), and so it was looking at subsection (a)(3) at the time of the proceedings. *Id.* at 9, 11; *see also id.* at 10 (stating that the trial court's misunderstanding is evident in the record).

Pointing to the exchange that took place between the bench and K.T.'s counsel at the conclusion of the adjudicatory proceeding, the court noted:

Counsel for [K.T.] argued that the Commonwealth did not meet their burden because the school resource officer did not suffer serious bodily injury. [N.T., 5/14/24,] at 22-23. The court concurred[,] stating, **"I agree, it wasn't serious bodily injury. But the statute is clear, that by virtue of him being an officer, if it was a teacher, a school employee[,] it is an aggravated assault."** *Id.* at [23]. The court inquired with defense counsel whether there was something to the contrary that would differ from that, again asking[,] "I mean, do you agree with that or don't agree? Or tell me that I am wrong." *Id.* … Defense counsel stated, "Your Honor, I understand what you are saying and I hear you and I agree with you." *Id.*

- 8 -

*Id.* at 9 (emphasis added).

The trial court further opined:

It cannot be disputed that this court, **concurring with defense counsel that serious bodily harm was not established**, was seeking clarification from counsel as to where the court was misapprehending the facts before [the court].  [N].T. [at] 22-24.  This court even read the relevant portion of the statute, when rendering [its] ruling, stating, "So[,] **under the statute, under subsection 3, it is just attempts to cause or attempt to knowingly cause bodily injury.  The word serious[] is taken out.**  I mean, unfortunately, based on the only facts that [the court] was presented, they have met their burden." *Id.* at 24.

The court takes full ownership of misreading the subsection that was alleged in the delinquency petition as (a)(3) and not (a)(2).  This court would have welcomed candor at any point during th[e] hearing.  Had this court been corrected in open court, … then the adjudication and subsequent appeal could have been avoided entirely.

*Id.* at 10-11 (emphasis added).

The Commonwealth asserts that the trial court also made statements during the dispositional hearing, which further illustrate that its adjudication was based on a finding of bodily injury under subsection (a)(3), as opposed to serious bodily injury under subsection (a)(2).  Commonwealth's Brief at 7-8.  Specifically, it points to the following excerpts from the June 4, 2024 transcript:

UNIDENTIFIED MALE SPEAKER: Your Honor, [K.T.] was before your court this past May 14.  She was adjudicated on a charge of aggravated assault with serious bodily injury, felony 1.

THE COURT: Well, she was adjudicated [on] aggravated assault **because it was a school officer, not** (inaudible) **serious bodily injury**.

[N.T., 6/4/24,] at [2-]3.

Later in the hearing, the court told defense counsel that it could file a motion to reconsider the verdict, but was satisfied that ordinarily bodily injury was proven:

> [THE COURT:] But if you want to file a motion, ask for a motion for reconsideration on the adjudication, I mean. I said this to you that day. I'm happy for you to tell me I'm wrong, but when I read the statute, it's serious bodily injury, **but if it's a school officer, it's bodily injury**. You know, he put the elements on. …

*Id.* at 22.[6]

*Id.* at 8 (emphasis added).

Based on the foregoing, we are convinced that it was the trial court's intention to adjudicate K.T. delinquent of aggravated assault under 18 Pa.C.S. § 2702(a)(3), pursuant to its finding that K.T. intentionally or knowingly caused bodily injury to Officer Johnson. Thus, we next consider whether an adjudication under subsection (a)(3) is legally permissible where K.T. was charged with aggravated assault under subsection (a)(2).

It is well-established under Pennsylvania law that "a defendant may be convicted of an offense that is a lesser-included offense of the crime actually charged." *Commonwealth v. Sims*, 919 A.2d 931, 938 (Pa. 2007). "This doctrine promotes judicial economy, avoids inconsistent results, and enhances

---

[6] To the extent that the trial court's statement implies that only subsection (a)(3) applies to aggravated assault against a school officer, we reiterate that both subsections (a)(2) and (a)(3) contain this element. The difference is that subsection (a)(2) requires a showing of **serious bodily injury** to an officer, school employee, "or other persons enumerated in subsection (c)," whereas (a)(3) only requires **bodily injury** to such persons enumerated in subsection (c). *See* 18 Pa.C.S. §§ 2702(a)(2), (a)(3).

the quality of jury deliberations by assuring that factfinders, informed of the option of convicting of related offenses, focus their attention on the presence or absence of those elements that distinguish the greater or lesser offenses." *Id.* Although Pennsylvania has consistently approved of this doctrine, our Supreme Court noted that "the more difficult question has always been determining what constitutes a lesser-included offense." *Id.*

In *Sims*, the Court considered different contexts in which the question of whether an offense constitutes a lesser-included offense arises and examined the varying approaches traditionally taken by our courts to make this determination. *See id.* at 938-39. It emphasized that in situations where a defendant has been convicted of a crime with which she has not been charged, such as in the case *sub judice*, "due process concerns of notice and fairness are implicated." *Id.* at 939. It explained:

> Just as it requires a criminal statute to give fair warning of the conduct proscribed, due process requires that the criminal information provide fair notice of every crime of which a criminal defendant is accused. To comport with due process, the notice provided must be sufficiently specific so as to allow the defendant to prepare any available defenses should he exercise his right to a trial. Such notice ensures that, if the Commonwealth prevails at trial, the defendant's conviction is not arbitrary or oppressive.

*Id.* (internal citations omitted); *see also Commonwealth v. Houck*, 102 A.3d 443, 450 (Pa. Super. 2014) ("As long as the conviction is for a lesser-included offense, the defendant will have been put on notice of the charges against him and can adequately prepare a defense.") (citation omitted).

- 11 -

Mindful of these due process concerns, the **Sims** Court adopted the Model Penal Code's definition of 'lesser-included offense,' which "identifies three situations in which a defendant may be convicted of an offense included in the offense charged…." **Sims**, 919 A.2d at 940. The Model Penal Code provides, in pertinent part:

**(4) Conviction of Included Offense Permitted.** A defendant may be convicted of an offense included in an offense charged in the indictment [or the information]. An offense is so included when:

(a) it is established by proof of the same or less than all the facts required to establish the commission of the offense charged; or

(b) it consists of an attempt or solicitation to commit the offense charged or to commit an offense otherwise included therein; or

(c) it differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property or public interest or a lesser kind of culpability suffices to establish its commission.

MODEL PENAL CODE § 1.07(4) (brackets in original).

As our Supreme Court explained:

In th[e] first scenario, the defendant is given notice of all the elements that the Commonwealth must prove to obtain his conviction. The Commonwealth can convict the defendant only of those offenses that contain all of the elements as the offenses with which the defendant was charged. The defendant does not need separate notice to defend against these lesser offenses because the defense that he prepares against the offenses charged will necessarily attempt to refute the Commonwealth's evidence of the lesser offenses. Therefore, Section 1.07(4)(a) satisfies the due process concerns that the doctrine of lesser-included offenses, properly understood, must take into account.

*Id.* at 940-41; *see also id.* at 942 (determining that the Model Penal Code's approach "is a reasonable means of assessing lesser-included offenses in the charging context that does not infringe upon the constitutional rights of criminal defendants").

Applying the Model Penal Code framework to the case at bar, we agree with the Commonwealth that an adjudication under subsection (a)(3) does not present any due process concerns of notice or fairness. *See* Commonwealth's Brief at 13. The Commonwealth convincingly argues:

> [K.T.] was accused of skipping class and then punching the school resource officer in the face when he tried to intervene. These straightforward factual allegations put [K.T.] on notice such that she either was, or should have been, prepared to defend against an adjudication under either subsection (a)(2) or (a)(3). [K.T.] cannot credibly claim, for example, that although she was prepared to defend against an accusation that she inflicted **serious bodily injury** on the officer, but at the same time that she was unprepared to defend against an accusation that she inflicted **bodily injury** on him. By the same token, she could not credibly claim that she was prepared to defend against an accusation that she acted **intentionally**, **knowingly**, or **recklessly**, but not that she acted **intentionally** or **knowingly**. Therefore, the fact that the Commonwealth charged her under subsection (a)(2) necessarily means that she was, or should have been, prepared at the time of trial to defend against a charge under subsection (a)(3).

*Id.* at 14 (emphasis in original).

Accordingly, we vacate the May 14, 2024 adjudicatory order, vacate the June 4, 2024 dispositional order, and remand for the trial court to correct the adjudication and enter a new dispositional order.

Adjudication vacated.  Dispositional order vacated.  Case remanded. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE:  11/18/25